1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    JULIAN DUCHESNE,                      )
                                           )
10                     Plaintiff(s),       )          No. C 05-3456 CRB (PR)
                                           )
11        v.                               )          ORDER OF SERVICE
                                           )
12   RONALD GONZALEZ, et al.,              )
                                           )
13                     Defendant(s).       )
     _____       )

14

15          Plaintiff, a pre-trial detainee at the Santa Clara County Jail, has filed a pro

16   se civil rights complaint under 42 U.S.C. § 1983 alleging unlawful arrest and

17   detention, as well as use of excessive force during search and arrest, and

18   deprivation of property.  He seeks damages and release on his own recognizance.

19                                  **DISCUSSION**

20   A.      Standard of Review

21          Federal courts must engage in a preliminary screening of cases in which

22   prisoners seek redress from a governmental entity or officer or employee of a

23   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

24   claims or dismiss the complaint, or any portion of the complaint, if the complaint

25   "is frivolous, malicious, or fails to state a claim upon which relief may be

26   granted," or "seeks monetary relief from a defendant who is immune from such

27   relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

28   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

It is well-established that Heck v. Humphrey, 512 U.S. 477 (1994), bars § 1983 claims challenging the validity of an arrest, prosecution or conviction until the underlying criminal charge or conviction is invalidated.  See Guerrero v. Gates, 357 F.3d 911, 918 (9th Cir. 2004) (Heck barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).  Plaintiff's § 1983 claims for damages based on allegations of unlawful arrest, detention and false charges must be dismissed without prejudice to bringing them after he succeeds in the criminal realm.  See Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000).[1]

Plaintiff's claim of use of excessive force during arrest does not appear to be barred by Heck.  See Guerrero, 357 F.3d at 918-19; Cabrera, 159 F.3d at 380; Smithart, 79 F.3d at 952-53.  Rather, when liberally construed, plaintiff's allegations that San Jose police officers John Schenck, Peter Lovecchio, John

---

[1]And to whatever extent plaintiff seeks to challenge either the fact or duration of his confinement, his sole remedy is to file a petition for writ of habeas corpus under the habeas sections of Title 28.  See Calderon v. Ashmus, 523 U.S. 740, 747 (1998).

2

Sutcliffe, Brett Linden, John McElvy and Christopher Passeau "assaulted, battered, clubbed, tasered, . . . maced, kicked, punched, choked, sexually assaulted and molested" plaintiff during the course of searching and arresting plaintiff state a cognizable § 1983 claim for violation of the Fourth Amendment against these police officer defendants.  See Graham v. Connor, 490 U.S. 386, 394-95 (1989); Franklin v. Foxworth, 31 F.3d 873, 875 (9th Cir. 1994).[2]

Plaintiff's claim of deprivation of property does not appear to be barred by Heck.  However, it is dismissed without prejudice because it is well-established that a negligent or intentional deprivation of property fails to state a due process claim under § 1983 because California law provides an adequate post-deprivation remedy for deprivations of property.  See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.      The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants:  San

---

[2]In order to proceed against Doe defendants, plaintiff must first identify them and amend his complaint to name them as defendants and set forth specific facts as to how each of them violated his federal rights.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (plaintiff should be given opportunity to identify unknown defendants).  Plaintiff will be afforded 30 days from the date of this order to identify the unknown Doe defendants and amend his complaint.

Mayor Ronald Gonzalez and all other named defendants other the police officers identified above are dismissed because they are named solely in their capacities as superiors and it is well-established that there is no respondeat superior liability under § 1983, i.e., there is no liability solely because one is responsible for the actions or omissions of another.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Jose police officers John Schenck, Peter Lovecchio, John Sutcliffe, Brett Linden, John McElvy and Christopher Passeau.  The clerk also shall serve a copy of this order on plaintiff.

2.      In order to expedite the resolution of this case, the court orders as follows:

a.      No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply

4

rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

d.     Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

e.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

4.     All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

/

5

5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED:   Jan. 19, 2006

_____
CHARLES R. BREYER
United States District Judge